UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| PAUL AHMANN,<br><br>    Plaintiff,<br><br>v.<br><br>WASHINGTON STATE DEPARTMENT OF TRANSPORTATION, an agency of the State of Washington,<br><br>    Defendant. | NO. 2:23-CV-0140-TOR<br><br>ORDER DENYING DEFENDANT'S MOTION TO DISMISS |

BEFORE THE COURT is Defendant's Motion to Dismiss Amended Complaint (ECF No. 10). This matter was submitted for consideration without oral argument. The Court has reviewed the record and files herein, the completed briefing, and is fully informed. For the reasons discussed below, Defendant's Motion to Dismiss Amended Complaint (ECF No. 10) is **denied**.

//

//

ORDER DENYING DEFENDANT'S MOTION TO DISMISS ~ 1


# BACKGROUND

This matter relates to Washington State Department of Transportation's (WSDOT) termination of Plaintiff's employment following the determination that Plaintiff's religious exemption from the COVID-19 vaccine could not be granted for failure to provide sufficient information regarding a sincerely held religious belief. *See* ECF No. 8. On March 28, 2023, Plaintiff filed a Complaint in Whitman County Superior Court. ECF No. 1-3. On May 8, 2023, Defendant removed the action to this Court. ECF No. 1. Plaintiff alleges Defendant failed to provide reasonable accommodations for his religious beliefs in violation of Title VII and Washington's Law Against Discrimination (WLAD). ECF No. 8 at 22, ¶¶ 6.1–6.13. The following facts are drawn from Plaintiff's First Amended Complaint and are accepted as true for the purpose of this motion. *Chavez v. United States*, 683 F.3d 1102, 1108 (9th Cir. 2012).

At all relevant times, Mr. Ahmann worked for Colfax Maintenance Shed in Colfax, Washington. ECF No. 8 at 8, ¶ 5.5. Mr. Ahmann is a practicing Catholic who believes that all life is sacred from the moment of conception to natural death and that abortion is a sin. *Id.* at 6, ¶ 5.2. Mr. Ahmann's Catholic faith compels him to abstain from direct or indirect cooperation in abortion, which he views as the killing of innocents. *Id.* Mr. Ahmann's religious beliefs prevented him from receiving the COVID-19 vaccination because the vaccinations at the time

employed cell lines derived from aborted fetuses.  *Id.*  Mr. Ahmann has never knowingly taken a vaccine derived from aborted fetuses.  *Id.* at 7, ¶ 5.4.

On February 29, 2020, Governor Jay Inslee issued the first Proclamation related to COVID-19, declaring a State of Emergency in Washington.  *Id.* at 10, ¶ 5.10.  On August 9, 2021, Governor Inslee issued a Proclamation that required all state employees to be fully vaccinated by October 18, 2021.  *Id.* at 11, ¶ 5.11.

In response, the Washington Secretary of Transportation required all WSDOT employees to be vaccinated.  *Id.*, ¶ 5.12.  The Proclamation purportedly allowed for religious exemptions to the vaccine requirement.  *Id.*, ¶ 5.13.  WSDOT provided its employees who wished to request a religious accommodation with a form titled: Religious Exemption Request Form Proclamation 21-13 (vaccine requirement).  *Id.* at 18, ¶ 5.24.  This form asked employees if (a) they had a sincerely held religious belief that prevented them from receiving the COVID-19 vaccine and (b) to affirm or agree that they received a vaccine as an adult.  *Id.*

On August 24, 2021, Mr. Ahmann executed this Religious Exemption form.  *Id.* at 18, ¶ 5.25.  On August 25, 2021, WSDOT provided Mr. Ahmann with a second form titled: Religious Exemption Request Form-Additional Questions Proclamation 21-14 (vaccine requirement).  *Id.*, ¶ 5.26.  This form asked Mr. Ahmann to explain how the COVID-19 vaccine conflicts with his strongly held religious beliefs, and inquired how long he held his beliefs, whether his beliefs

ORDER DENYING DEFENDANT'S MOTION TO DISMISS ~ 3

1  include objecting to other vaccines, and whether he received a vaccine in the past.

2  *Id.* at 18–19.  Mr. Ahmann replied:

> I will not have the blood of any baby on my hands.  Any vaccine that was brought about by the use of baby parts in the research and development process or by using them in the ingredients will not be used on me with my knowledge.  It is an evil selfish process which devalues human life and puts monetary value on babies.

ECF No. 8 at 19, ¶ 5.27.

On September 14, 2021, WSDOT informed Mr. Ahmann that his exemption request was denied, explaining that he "did not provide sufficient information to enable a determination as to whether his request for a religious accommodation was based on a sincerely held religious belief."  *Id.* at 20, ¶ 5.30.

On October 18, 2021, Mr. Ahmann was terminated due to his failure to receive the COVID-19 vaccination.  *Id.* at 21, ¶ 5.32.

### DISCUSSION

I.   **Motion to Dismiss Standard**

Federal Rule of Civil Procedure 12(b)(6) provides that a defendant may move to dismiss the complaint for "failure to state a claim upon which relief can be granted."  A motion to dismiss for failure to state a claim will be denied if the plaintiff alleges "sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)).

ORDER DENYING DEFENDANT'S MOTION TO DISMISS ~ 4

While the plaintiff's "allegations of material fact are taken as true and construed in the light most favorable to the plaintiff" the plaintiff cannot rely on "conclusory allegations of law and unwarranted inferences … to defeat a motion to dismiss for failure to state a claim." *In re Stac Elecs. Sec. Litig.*, 89 F.3d 1399, 1403 (9th Cir. 1996) (citation and brackets omitted).  That is, the plaintiff must provide "more than labels and conclusions, and a formulaic recitation of the elements." *Twombly*, 550 U.S. at 555.

When deciding, the Court's review is limited to the complaint, documents incorporated into the complaint by reference, and judicial notice.  *Metzler Inv. GMBH v. Corinthian Colleges, Inc.*, 540 F.3d 1049, 1061 (9th Cir. 2008) (citing *Tellabs, Inc. v. Makor Issues & Rights, Ltd.*, 551 U.S. 308, 322 (2007)).  The Court takes judicial notice of government records as well as documents incorporated into the First Amended Complaint.  *See* Fed. R. Evid. 201; *Metzler*, 540 F.3d at 1061.

II.     **Failure to Accommodate**

Defendant moves to dismiss Plaintiff's claims on the grounds that Plaintiff failed to provide WSDOT with sufficient information to determine whether his objections were based on a sincerely held religious belief.  ECF No. 10 at 12.

Title VII prohibits employers from discharging or otherwise discriminating against an employee due to the employee's religion.  42 U.S.C. § 2000e-2(a). "Religion" is defined as "all aspects of religious observance and practice, as well

as belief[.]" 42 U.S.C. § 2000e-2(j). Title VII claims may be brought under disparate treatment or disparate impact theories, the former of which is based on 42 U.S.C. § 2000e-2(a)(1). *E.E.O.C. v. Abercrombie & Fitch Stores, Inc.*, 575 U.S. 768, 771 (2015).

To state a failure to accommodate religion claim, a plaintiff must plausibly allege (1) they have a bona fide religious belief, the practice of which conflicts with an employment duty; (2) they informed the employer of the belief and conflict; and (3) the employer subjected them to an adverse employment action because of the inability to fulfill the employment duty. *Peterson v. Hewlett-Packard Co.*, 358 F.3d 599, 606 (9th Cir. 2004). The requirements to state such a claim under the WLAD are substantially similar to those under Title VII. *See Kumar v. Gate Gourmet Inc.*, 180 Wash. 2d 481 (2014).

Both the Supreme Court and Ninth Circuit have cautioned against second-guessing the reasonableness of an individual's asserted religious beliefs. *Burwell v. Hobby Lobby Stores, Inc.*, 573 U.S. 682, 725 (2014); *Bolden-Hardge v. Off. of California State Controller*, 63 F.4th 1215, 1223 (9th Cir. 2023). While a court need not accept a plaintiff's conclusory assertions, "the burden to allege a conflict with religious beliefs is fairly minimal." *Bolden-Hardge,* 63 F.4th at 1223.

Here, Mr. Ahmann alleges he holds a sincerely held religious belief that he claimed on the Religious Exemption form and he subsequently explained how his

1  beliefs conflict with the COVID-19 vaccine.  ECF No. 8 at 18–19, ¶¶ 5.26–5.27;

2  *see id.* at 88–91.  WSDOT argues Mr. Ahmann is only now claiming he is

3  Catholic, and that he did not provide that information when filling out the

4  Religious Exemption form.  ECF No. 10 at 16.  At the pleading stage, Mr.

5  Ahmann's allegation that he had a sincerely held religious belief (and so claimed

6  on the Religious Exemption form) are taken as true.  Mr. Ahmann has sufficiently

7  stated a failure to accommodate religion claim.  WSDOT's arguments are more

8  appropriate for a determination on the merits, at trial or on summary judgment.

9  **ACCORDINGLY, IT IS HEREBY ORDERED:**

10      Defendant's Motion to Dismiss Amended Complaint (ECF No. 10) is

11      **DENIED**.

12      The District Court Executive is directed to enter this Order and furnish

13  copies to counsel.

    DATED July 28, 2023.



                    THOMAS O. RICE
                    United States District Judge

ORDER DENYING DEFENDANT'S MOTION TO DISMISS ~ 7