Case 2:23-cv-00140-TOR    ECF No. 70    filed 03/12/25    PageID.1763    Page 1 of 19

FILED IN THE
U.S. DISTRICT COURT
EASTERN DISTRICT OF WASHINGTON

Mar 12, 2025

SEAN F. MCAVOY, CLERK

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| PAUL AHMANN,<br><br>                Plaintiff,<br><br>v.<br><br>WASHINGTON STATE DEPARTMENT OF TRANSPORTATION, an agency of the State of Washington,<br><br>                Defendant. | NO. 2:23-CV-0140-TOR<br><br>ORDER GRANTING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT AND DENYING PLAINTIFF'S MOTION FOR PARTIAL SUMMARY JUDGMENT |

BEFORE THE COURT is Defendant's Motion for Summary Judgment (ECF No. 38), Plaintiff's Motion for Partial Summary Judgment (ECF No. 39), and Defendant's Motion to Exclude Dr. Ryan Cole as an Expert (ECF No. 45). These matters was submitted for consideration without oral argument. The Court has reviewed the record and files herein, the completed briefing, and is fully informed. For the reasons discussed below, Plaintiff's Motion for Partial Summary Judgment (ECF No. 39) is **DENIED**, Defendant's Motion for Summary Judgment (ECF No.

ORDER GRANTING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT AND DENYING PLAINTIFF'S MOTION FOR PARTIAL SUMMARY JUDGMENT ~ 1

38) is **GRANTED** and Defendant's Motion to Exclude Dr. Ryan Cole as an Expert (ECF No. 45) is **DENIED as moot**.

## BACKGROUND

This matter arises out of the termination of Plaintiff's employment from the Washington State Department of Transportation ("WSDOT") following his refusal to receive a COVID-19 vaccination. The undisputed facts are as follows. Plaintiff was raised in a Catholic family and has been a practicing Catholic for 30 years. ECF No. 44 at ¶ 1. Plaintiff worked as an equipment technician at WSDOT from 1998 to 2007 and as an Equipment Technician Lead in Colfax, Washington, from 2007 until his termination on October 18, 2021. ECF No. 40 at ¶ 1. Plaintiff's position made him responsible for completing repairs and maintenance on WSDOT equipment. *Id.* at ¶. Plaintiff also supervised two other employees. *Id.* at ¶ 3.

The COVID-19 pandemic began while Plaintiff was working in his position as an Equipment Technician Lead. Between December 2020 and February 2021, the Food and Drug Administration issued Emergency Use Authorizations for three COVID-19 vaccines developed by Pfizer, Moderna, and Johnson & Johnson. ECF No. 40 at ¶ 26. On August 9, 2021, Washington governor, Jay Inslee, adopted Proclamation 21-14 (the "Proclamation") that prohibited most state employees from working past October 18, 2021 without being fully vaccinated against

COVID-19. *Id.* at ¶ 37.  However certain exemptions were permitted for medical and religious based objections.  *Id.* at ¶¶ 37,38.  In such cases, an employer was required to provide reasonable accommodations pursuant to state and federal antidiscrimination statutes unless it would suffer undue hardship.  *Id.* at ¶ 38.

The Secretary of WSDOT, Roger Miller, emailed all WSDOT staff on August 9, 2021 to notify them that they would be required to comply with the Proclamation unless they followed certain procedures to request medical or religious exemptions.  *Id.* at ¶¶ 39,40.  WSDOT created forms for employees to use to submit these requests.  *Id.* at ¶ 41.  For religious exemption requests, WSDOT required employees to answer two yes or no questions.  First, whether the employee was asserting that they had a sincerely held religious belief or religious conviction that prevented them from receiving the COVID-19 vaccine, and second, whether the employee could affirm or agree that they had never received a vaccine or medicine from a health care provider as an adult.  ECF No. 42-3.  If an employee checked "no" for either question, WSDOT would send another form with additional questions.  ECF No. 40 at ¶ 42.  Once this form was completed, a committee including Human Resources personnel and the employee's appointing authority would review the exemption request and collectively determine whether to grant or deny the request.  *Id.* at ¶ 44.  If an employee failed to provide sufficient information for the committee to make a determination, the employee would

receive an email denying the exemption request due to the information deficiency. ECF No. 42-6. But if the committee determined that an exemption applied, it would then make a determination of whether the employee could be accommodated in their current role unvaccinated without causing undue hardship to WSDOT. ECF No. 40 at ¶ 46. Otherwise the committee would consider whether the employee could be transferred to another role that could be done remotely. *Id* at ¶ 47. If neither applied, WSDOT would make the determination that it would suffer undue hardship if the employee were permitted to remain unvaccinated. *Id.*

Plaintiff submitted a religious exemption request form on August 24, 2021 checking "yes" to the first question indicating he had a sincerely held religious belief that conflicted with receiving the COVID-19 vaccine, and "no" to the second question asking if he had ever received a vaccine or medicine from a health care provider as an adult. *Id.* at ¶¶ 53, 54. The following day Plaintiff received an email and an additional form from the Human Resources Manger for the Eastern Region at WSDOT requesting additional information regarding his religious beliefs so WSDOT could make a determination. *Id.* at ¶ 55. The same day, Plaintiff submitted the form with the following answer to the provided prompt

1. Please explain how a COVID-19 vaccine conflicts with your asserted strongly held religious beliefs. Please attach additional pages if needed to document the full response.

ORDER GRANTING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT AND DENYING PLAINTIFF'S MOTION FOR PARTIAL SUMMARY JUDGMENT ~ 4

> I will not have the blood of any baby on my hands. Any vaccine that was brought about by the use of baby parts in the research and development process or by using them in the ingredients will not be used on me with my knowledge. It is an evil selfish process, which devalues human life and puts a monetary value on Babies.

ECF No. 42-5.

The only other communication Plaintiff had with WSDOT personnel about his exemption request was with his supervisors, Mike Steimentz and Brian Fietkau, however Plaintiff understood that neither had a role in approving his exemption request or granting an accommodation. ECF No. 40 at ¶ 60.

On September 14, 2021, Plaintiff received an email from WSDOT stating

> After engaging in the interactive process, WSDOT HR did not receive sufficient information from you to enable a determination as to whether your request for a religious exemption is based on a sincerely held religious belief, practice or observance that prevents you from being unvaccinated against COVID-19. Therefore, your religious exemption request cannot be approved.

ECF No. 42-6.

The email goes on to explain Plaintiff was expected to become fully vaccinated by the October 18, 2021 deadline or risk separation from his position. *Id.* The email also stated, "Please email any questions to exemption@wsdot.wa.gov." *Id.*

On September 27, 2021, WSDOT's Deputy Secretary, Amy Scarton, emailed Plaintiff a "Pre-Separation Notice" notifying Plaintiff he would be

ORDER GRANTING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT AND DENYING PLAINTIFF'S MOTION FOR PARTIAL SUMMARY JUDGMENT ~ 5

separated from his position if he was not fully vaccinated by October 18, 2021. ECF No. 42-7. The email also stated

> **You have an opportunity to respond to this contemplated action in writing.** You must respond by Wednesday, September 29, 2021, at 5:00 PM via email to exemption@wsdot.wa.gov – **this includes advising us that you are going to validate your vaccine before October 4, 2021.** I encourage you to take advantage of the opportunity to respond to the contemplated action addressed. No final decision will be made until you have had the opportunity to respond by or before the date above.

*Id.*

Plaintiff did not respond. ECF No. 40 at ¶ 68. Plaintiff received a "Non-Disciplinary Dismissal Notice" email on October 5, 2021 notifying Plaintiff he was being separated from his position on October 18 for failing to comply with the Proclamation. ECF No. 42-8. Plaintiff was subsequently terminated from his position.

## DISCUSSION

### A. Summary Judgment Standard

The Court may grant summary judgment in favor of a moving party who demonstrates "that there is no genuine dispute as to any material fact and that the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). In ruling on a motion for summary judgment, the court must only consider admissible evidence. *Orr v. Bank of America, NT & SA*, 285 F.3d 764, 773 (9th Cir. 2002). The party moving for summary judgment bears the initial burden of showing the

ORDER GRANTING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT AND DENYING PLAINTIFF'S MOTION FOR PARTIAL SUMMARY JUDGMENT ~ 6

absence of any genuine issues of material fact. *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986). The burden then shifts to the non-moving party to identify specific facts showing there is a genuine issue of material fact. *See Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 256 (1986). "The mere existence of a scintilla of evidence in support of the plaintiff's position will be insufficient; there must be evidence on which the jury could reasonably find for the plaintiff." *Id*. at 252.

For purposes of summary judgment, a fact is "material" if it might affect the outcome of the suit under the governing law. *Id.* at 248. Further, a dispute is "genuine" only where the evidence is such that a reasonable jury could find in favor of the non-moving party. *Id.* The Court views the facts, and all rational inferences therefrom, in the light most favorable to the non-moving party. *Scott v. Harris*, 550 U.S. 372, 378 (2007). Summary judgment will thus be granted "against a party who fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial." *Celotex*, 477 U.S. at 322.

**B. Claims under Title VII and WLAD**

Plaintiff brings failure to accommodate claims under Title VII, 42 U.S.C. § 2000e, *et seq.* and the Washington Law Against Discrimination ("WLAD"), RCW 49.60. To establish a prima facie case for a religious discrimination claim based on a failure to accommodate theory under Title VII, an employee must prove

"(1) [he] had a bona fide religious belief, the practice of which conflicted with an employment duty; (2) [he] informed [his] employer of the belief and conflict; and (3) the employer threatened [him] or subjected [him] to discriminatory treatment, including discharge, because of [his] inability to fulfill the job requirements." *Tiano v. Dillard Dep't Stores*, 139 F.3d 679, 681 (9th Cir. 1998). Once an employee establishes a prima facie case of discrimination, the burden then shifts to the employer to show "either that it initiated good faith efforts to accommodate reasonably the employee's religious practices or that it could not reasonably accommodate the employee without undue hardship." *Id.*

The requirements to state a claim for a failure to accommodate under the WLAD are substantially similar to those under Title VII. S*ee Kumar v. Gate Gourmet Inc.*, 180 Wash. 2d 481 (2014).

**C. Analysis**

Defendant argues summary judgment should be granted in favor of Defendant on all of Plaintiff's claims because he has failed to establish the second element of a failure to accommodate discrimination claim showing he gave notice to WSDOT of his religious beliefs and how they conflicted with receiving the COVID-19 vaccine. ECF No. 63. Plaintiff also moves for summary judgment in his favor as to both of his discrimination claims under Title VII and WLAD. ECF No. 39.

ORDER GRANTING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT AND DENYING PLAINTIFF'S MOTION FOR PARTIAL SUMMARY JUDGMENT ~ 8

1. *Bona fide religious belief*

Plaintiff alleges in his Amended Complaint that as a practicing Catholic, he cannot receive a vaccine that utilizes cell lines derived from aborted fetuses. ECF No. 8 at ¶ 5.2. Plaintiff explains that abortion is considered a sin in the Catholic faith, therefore, Plaintiff knowingly taking such vaccines "is cooperation with the sin of abortion." *Id.* at ¶¶ 5.2, 5.3. As such, Plaintiff argues the first element of a failure to accommodate claim has been satisfied. ECF No. 39 at 10-11.

Defendant argues there is disputed material facts as to whether Plaintiff had a sincerely held religious belief at the time these events occurred. ECF No. 52 at 21-22. Defendant presents evidence it claims indicates that Plaintiff may have objected to the COVID-19 vaccine in part due to non-religious reasons. First, Defendant points to a social media post Plaintiff posted on the social media platform, Gab, on April 15, 2021, stating that the vaccine is "pushed by people known to want to reduce the global population." ECF No. 54-7 at 2. Defendant points to another post made by Plaintiff on the same platform August 16, 2022 where Plaintiff states, "How was a vaccine with zero long term testing ever deemed 'safe and effective? And who ordered the censorship of subsequent vaccine side effects across social media platforms?" *Id.* at 3. Finally, Defendant points to Plaintiff's deposition testimony where Plaintiff acknowledges that another reason he did not get the vaccine was because he questioned whether it

1  was safe and effective.  ECF No. 41-1 at 17.  Defendant argues this raises a

2  question of fact of whether Plaintiff had a sincerely held religious belief.  ECF No.

3  52 at 22.  However, the Court notes that Defendant does not dispute Plaintiff's

4  assertion that he has been a practicing Catholic for 30 years.  Nor does the

5  Defendant point to any evidence or make any argument of Plaintiff acting in a

6  manner inconsistent with his faith other than the assertion Plaintiff's views on the

7  vaccine were motivated "at least in part" by non-religious viewpoints.  *See*

8  *E.E.O.C. v. Union Independiente de la Autoridad de Acueductos y Alcantarillados*

9  *de Puerto Rico*, 279 F.3d 49, 57 (1st Cir. 2002) ("Evidence tending to show that an

10 employee acted in a manner inconsistent with his professed religious belief is, of

11 course, relevant to the factfinder's evaluation of sincerity.").  Both the Ninth

12 Circuit and the Supreme Court have cautioned against second-guessing the

13 reasonableness of an individual's asserted religious beliefs.  *Bolden-Hardge*, 63

14 F.4th 1215, 1223 (9th Cir. 2023); *Burwell v. Hobby Lobby Stores, Inc.*, 573 U.S.

15 682, 725 (2014) (citation omitted).

16    The Court concludes Defendant has not raised a genuine issue of fact as to

17 whether Plaintiff sincerely held a religious belief when he made the

18 accommodation request.

19

20

ORDER GRANTING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT AND DENYING PLAINTIFF'S MOTION FOR PARTIAL SUMMARY JUDGMENT ~ 10

*2. Notice to WSDOT*

The parties disagree on whether Plaintiff has met the second element of his failure to accommodate claim. The Court finds that the record in this case does not indicate Plaintiff adequately gave notice to WSDOT of how his sincerely held religious beliefs conflicted with the COVID-19 vaccine.

Other district courts within and outside the Ninth Circuit have dismissed religious discrimination claims related to the COVID-19 vaccine where the plaintiff failed to show a connection between a sincerely held religious belief and an objection to the vaccine. *See, e.g.*, *Craven v. Shriners Hosps. for Child.*, No. 3:22-CV-01619-IM, 2024 WL 21557, at *3 (D. Or. Jan. 2, 2024) (dismissing Title VII discrimination claim where plaintiff failed to connect religious beliefs to COVID-19 vaccine); *Ellison v. Inova Health Care Servs.*, 692 F. Supp. 3d 548, 560 (E.D. Va. 2023) ("[P]laintiffs must provide more than conclusory allegations that a belief is religious; they must allege facts explaining how a subjective belief is religious in nature and connect their objection to that belief."); *Rainey v. Westminster Pub. Sch.*, No. 22-CV-03166-RMR-KAS, 2024 WL 3329048, at *10 (D. Colo. July 7, 2024) ("Plaintiffs have not fleshed out how their beliefs are connected to their religious belief-system, such as, by way of example only, by citing religious texts and providing their interpretation of those texts.").

1    In this case, on the Religious Exemption Request Form, Plaintiff marked
2 "yes" that he was asserting he had a sincerely held religious belief or conviction
3 that prevented him from receiving the vaccine.  However, his objection that he
4 "will not have the blood of any baby" on his hands and the "use of baby parts in
5 the research and development process" is "an evil selfish process, which devalues
6 human life and puts a monetary value on Babies" is not a sufficient explanation of
7 why this directly conflicts with his religious values.  "[D]istrict courts within the
8 Ninth Circuit have generally found that objections to the vaccine on the grounds
9 that it was developed using aborted fetal cell lines are sufficiently articulated bona
10 fide religious beliefs, as long as they are tied to a specific religious tenet."
11 *Medrano v. Kaiser Permanente*, No. 8:23-CV-02501-DOC-ADSX, 2024 WL
12 3383704, at *5 (C.D. Cal. July 10, 2024) (collecting cases).  Plaintiff makes no
13 mention of what sincere religious belief he holds that forms the basis for his
14 objections.  The only potential religious reference he uses is the the word "evil"
15 which is insufficient.
16    Plaintiff makes an alternative argument that notice was imputed to WSDOT.
17 ECF No. 57 at 14.  Plaintiff asserts through a declaration that he informed both his
18 direct supervisor, Mike Steimentz ("Steimentz"), and the superintendent, Brian
19 Fietkau ("Fietkau"), about his religious exemption request, which therefore should
20 have imputed the knowledge to WSDOT.  ECF No. 39 at 14.  Defendant argues

this declaration contradicts Plaintiff's earlier deposition testimony and should be stricken.  ECF No. 52 at 14.

Plaintiff testified during a deposition that he had spoken to both Steimentz and Fiekau about applying for the exemption.  ECF No. 41-1 at 16.  He stated he remembered talking about the exemption request to Steimentz and telling him he did not get the exemption but that he was willing to take the alternative Novovax vaccine.  *Id.*  However, as to the remainder of the conversation, he testified, "I can't remember exactly what I said to him, but we talked about this."  *Id.*  As for Plaintiff's conversation with Fiekau, he testified the following

> To Fiekau, he asked me if-if-why I wouldn't' get the vaccine. We visited about that. I said I wasn't – oh, he asked me if I filled out the religious exemption, I said, Yeah. He said, Did you get it? I said, No, I wasn't religious enough for them and that I didn't want to have – I didn't want to have anything to do with the vaccines.

ECF No. 41-1 at 16.

Plaintiff's submitted declaration in support of his motion for summary judgment now alleges that Plaintiff was reminded of more specific details of his conversations with Steimentz and Fietkau after reviewing his deposition testimony and speaking with his co-worker, Travis Anderson ("Anderson"), who was apparently present for both of these conversations.  ECF No. 44-4.  Plaintiff states he told Steimentz he wanted a religious exemption for the vaccines "because they used aborted baby parts" to which Steimentz responded that Plaintiff was right and

ORDER GRANTING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT AND DENYING PLAINTIFF'S MOTION FOR PARTIAL SUMMARY JUDGMENT ~ 13

1   he hoped Plaintiff would get the exemption.  ECF No. 44-2 at 3-4.  After he was

2   denied the exemption, Plaintiff now remembers that during his conversation with

3   Fietkau, Fietkau asked Plaintiff why he would not get the exemption, and Plaintiff

4   responded that the vaccines used aborted baby parts and "would piss off God."  *Id.*

5   at 4.

6      The Court concludes it need not decide whether Plaintiff's declaration (ECF

7   No. 44-2) should be struck because even if the information stated was true, it

8   would not be imputed to WSDOT.  WSDOT developed a clear protocol for

9   employees to request religious exemptions by submitting a formal request to

10  WSDOT.  ECF No. 42-2.  WSDOT informed all of its employees of this protocol

11  and Plaintiff was aware of it.  *Id.*; ECF No. 41-1 at 16.

12      Plaintiff argues these conversations did impute the knowledge to WSDOT

13  because WSDOT's own policies permit an employee to make an oral religious

14  accommodation request through their supervisor.  ECF No. 39 at 15.  In support,

15  Plaintiff points to a letter the EEOC received from WSDOT.  ECF No. 44-23  In

16  the letter, WSDOT addressed Plaintiff's EEOC complaint against it and concluded

17  Plaintiff's allegations lacked factual support.  *Id.*  Plaintiff first asserts that

18  WSDOT acknowledged in the letter that the use of the religious exemption request

19  forms were not required.  ECF No. 67 at 10-11.  While this is correct, the letter

20  goes on to explain "employees could alternatively submit their own request for a

ORDER GRANTING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT AND DENYING PLAINTIFF'S MOTION FOR PARTIAL SUMMARY JUDGMENT ~ 14

religious exemption in the form of a letter or in another form, provided that it included the basis for their exemption request. *WSDOT directed employees to send exemption requests to the exemption@wsdot.wa.gov email box.*" *Id.* at 6 (emphasis added). There is no mention that an employee could make an oral accommodation request to a supervisor.

> Plaintiff next points to the portion of the letter that states,
>
> WSDOT HR Desk Manual Chapter 25 Reasonable Accommodation ["Chapter 25"] describes how medical accommodations are determined with regard to agency employees. A current copy of this policy is attached as Attachment F. WSDOT does not have a separate accommodation process that applies to requests related to Proclamation 21-14 or for religious accommodations; it applies the same process it uses for requests for medical accommodations in other contexts.

*Id.* at 6-7.

Plaintiff then argues that Chapter 25 explicitly requires supervisors to alert Human Resources if they become aware of an employee with a possible need for accommodation. ECF No. 67 at 11. However, a review of the previous paragraphs in the letter clearly show WSDOT is referring to Chapter 25's laid out process in identifying potential accommodations, not making the request. The letter goes into detail of WSDOT's process in identifying accommodations for exempted staff and explains there is not a separate process for religious accommodations, therefore WSDOT uses Chapter 25's process adjusted for a different context. ECF No. 44-23 at 6-7. Interpreting the paragraph at issue as how Plaintiff does is not supported

ORDER GRANTING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT AND DENYING PLAINTIFF'S MOTION FOR PARTIAL SUMMARY JUDGMENT ~ 15

by the surrounding context and would completely contradict the letter's previous explicit language directing employees on how to make an exemption request. Chapter 25 lays out several avenues for making a request for reasonable accommodation in the disability context including by the employee, by a supervisor or manager, or by a family member, health professional, or other representative, while the letter limits a request to an employee submitting such request through the provided email. ECF Nos. 44-14 at 16; 44-23 at 6.

Plaintiff also points to Washington State's Office of Financial Management's ("OFM") vaccine mandate guidance that states, "An employee who has a sincerely held religious belief that prevents them from being vaccinated against COVID-19 may request an accommodation by notifying a supervisor in their chain of command or their human resources office," and "once an employer is on notice of a request, it cannot require an employee to put the request in writing." ECF No. 44-12 at 15-16. But these guidelines served just as a guidance to WSDOT in developing its own policies. ECF No. 44-9 at 13. Additionally, the same guidelines also state, "Agencies/organizations may request that employees provide documentation to support a request for religious accommodation . . . ." *Id.* at 16.

WSDOT's policy required, and Plaintiff was aware, that all employees seeking a religious exemption to the vaccine must submit formal requests to

ORDER GRANTING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT AND DENYING PLAINTIFF'S MOTION FOR PARTIAL SUMMARY JUDGMENT ~ 16

1  WSDOT and provide documentation if needed.  WSDOT's then Acting Deputy

2  Director of Human Resources and Safety, Amy Fermo, submitted an undisputed

3  declaration stating "WSDOT did not permit employees to request exemptions from

4  the COVID-19 vaccine mandate outside of the formal process communicated to all

5  employees."  ECF No. 56 at ¶ 8.

6  Plaintiff submitted an exemption request but failed to properly explain how

7  his religious beliefs prevented him from receiving the COVID-19 vaccine.

8  WSDOT then provided Plaintiff with an opportunity to respond once it notified

9  him that he would be terminated if he did not receive the vaccine, but Plaintiff did

10  not respond.  ECF No. 44-20 at 3.  The Court finds Plaintiff's conversations with

11  Steimentz and Fietkau did not impute the knowledge of Plaintiff's religious

12  conflict with the COVID-19 vaccine to WSDOT.  *See Englund v. Emp. Sec. Dep't*,

13  30 Wash. App. 2d 1060 (2024) (finding employee email discussing her religious

14  objection to COVID-19 vaccine did not put employer on notice in part because she

15  never submitted a written request in compliance with her employer policy);

16  *Higgins v. City & Cnty. of Denver*, No. 23-CV-00243-PAB-KAS, 2025 WL

17  345403, at *4 (D. Colo. Jan. 30, 2025) (same).

18  Plaintiff's citation to *Kidd v. Univ. Med. Ctr. Of S. Nevada*, No. 2:22-CV-

19  01990-ART-NJK, 2024 WL 4046249 (D. Nev. July 2, 2024) in support is also

20  unavailing.  In that case, the plaintiff submitted an accommodation request to her

ORDER GRANTING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT AND DENYING PLAINTIFF'S MOTION FOR PARTIAL SUMMARY JUDGMENT ~ 17

employer stating she was Pagan and that her Pagan religion conflicted with the employer's vaccination policy. *Id.* at *5. The district court found this to be sufficient in showing she informed her employer of her religious belief and its conflict with the vaccination policy. *Id.* Here, Plaintiff made no mention of his religion in his request for exemption or any statement that it conflicted with the COVID-19 vaccine.

The Court finds no genuine issue of fact exists as to whether Plaintiff sufficiently notified WSDOT of the conflict between his religious beliefs and receiving the COVID-19 vaccine. Therefore, Plaintiff's claims under Title VII and WLAD must fail. The Court **grants** Defendant's Motion for Summary Judgment (ECF No. 38) and **denies** Plaintiff's Motion for Partial Summary Judgment (ECF No. 39). Defendant's Motion to Exclude Dr. Ryan Cole as an Expert (ECF No. 45) is **denied as moot**.

//

//

//

ORDER GRANTING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT AND DENYING PLAINTIFF'S MOTION FOR PARTIAL SUMMARY JUDGMENT ~ 18

**ACCORDINGLY, IT IS HEREBY ORDERED:**

1. Plaintiff's Motion for Partial Summary Judgment (ECF No. 39) is **DENIED**.

2. Defendant's Motion for Summary Judgment (ECF No. 38) is **GRANTED**.

3. Defendant's Motion to Exclude Dr. Ryan Cole as an Expert (ECF No. 45) is **DENIED** as moot.

4. The trial and all other hearings are **VACATED** as moot.

The District Court Executive is directed to enter this Order, enter Judgment for Defendant, furnish copies to counsel, and **CLOSE** the file.

DATED March 12, 2025.



THOMAS O. RICE
United States District Judge

ORDER GRANTING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT AND DENYING PLAINTIFF'S MOTION FOR PARTIAL SUMMARY JUDGMENT ~ 19